**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Texmo Oil Company Jobbers Incorporated, et al., | No. CV-13-08290-PCT-PGR |
| Plaintiffs, | **ORDER** |
| v. | |
| Y Travel LLC, et al., | |
| Defendants. | |

Before the Court is Defendants' motion to dismiss for improper venue. (Doc. 18.) Plaintiffs filed a response in opposition. (Doc. 19.) For the reasons set forth below, the motion is denied.[1]

**I.    Background**

Plaintiffs are Texmo Oil Company Jobbers, Inc., and 4-D Investments, Inc., dba GASCARD, both Arizona corporations. Defendants are Y Travel, LLC, a Nevada limited liability corporation; David Jin, a Nevada resident; and the DY Trust, a Nevada trust. On December 27, 2013, Plaintiffs filed a first amended complaint alleging breach of contract, account stated, unjust enrichment, and breach of guaranty. (Doc. 5.)

Texmo is a provider of petroleum products both by direct delivery to a client and

---

[1] Defendants' request for oral argument is denied. The issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir. 1998).

through its GASCARD fueling network. Defendant Y Travel operates a bus charter service that provides charter services for views of the Grand Canyon from its principal place of business in Las Vegas, Nevada.

The first amended complaint alleges that on or about September 14, 2011, Y Travel applied for credit with Texmo. (*Id.*, ¶ 12.) The Application for Credit was personally guaranteed by Defendant Jin, who was then the managing member of Y Travel. (*Id.*, ¶ 13.) The Application was approved, and Texmo and its affiliate GASCARD extended credit to Y Travel. (*Id.*, ¶ 14.)

Y Travel's chartered buses entered Arizona and often refueled at the Plaintiffs' GASCARD station in Kingman, Arizona. Texmo delivered petroleum products directly to Y Travel at a location in Meadview, Arizona. (*Id.*, ¶¶ 15–16.)

According to the first amended complaint, in early 2013 Y Travel started missing payments it had agreed to make under the Application for Credit. (*Id.*, ¶ 18.) On October 10, 2013, Plaintiffs sent a demand for payment to Y Travel at its corporate offices in Las Vegas, Nevada. Y Travel failed to pay the amounts owing. (*Id.*, ¶ 19.)

Plaintiffs allege that as of the date of the first amended complaint there remained a balance owing from Y Travel to Texmo of not less than $82,785.99, and a balance owing from Y Travel to GASCARD of not less than $115,058.95. (*Id.*, ¶¶ 20–21.)

**II.**     **Discussion**

Defendants move to dismiss the case for improper venue under 28 U.S.C. § 1391(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 18.) Alternatively, Defendants request the Court to transfer the action to the United States Court for the District of Nevada pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). (*Id.*)

**A.**     **Venue is proper in Arizona**

Under 28 U.S.C. § 1391(b), a civil action may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Defendants assert that none of the three criteria set forth in § 1391(b) applies. Specifically, Defendants contend that a substantial part of the events giving rise to Plaintiffs' claims did not occur in Arizona. Instead, according to Defendants, "[t]he majority of the fuel delivered to Y-Travel was delivered within Nevada and all of the major transactions between the parties occurred in Nevada." (Doc. 18 at 5.) Defendants also cite litigation between the parties in Nevada: a case filed in state court on August 7, 2013, in which Y Travel claims that it suffered damages in the amount of $180,000 when Texmo spilled fuel at Y Travel's fuel and dump site in Las Vegas. (*Id.* at 2.)

"[F]or venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, *even if other material events occurred elsewhere.*" *Xcentric Ventures LLC v. Borodkin*, No. CV-11-1426-PHX-GMS, 2012 WL 692976, at *7 (D.Ariz. March 1, 2012) (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (emphasis added in *Xcentric*); *see Rodriguez v. California Highway Patrol*, 89 F.Supp.2d 1131, 1136 (N.D.Cal. 2000) ("Section 1391(b)(2) does not require that a majority of the events have occurred in the district where suit is filed, nor does it require that the events in that district predominate."); *Leroy-Garcia v. Brave Arts Licensing*, No. C-13-1181-LB, 2013 WL 4013869, at *12 (N.D.Cal. August 5, 2013) (explaining that "'substantial' does not mean 'most.'").

The Court concludes that venue is proper in Arizona because that is where a "substantial part" of the events giving rise to the claims for the unpaid invoices occurred. Plaintiff Texmo delivered fuel to a Y Travel location in Meadview, Arizona, and Y Travel buses refueled at GASCARD's station in Kingman, Arizona.

Because venue is proper in Arizona, Defendants motion under Rule 12(b)(3) is denied.

**B.     Transfer is not warranted**

Section 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Factors court considers on a motion for discretionary transfer of venue include convenience of parties and witnesses, location where alleged events in lawsuit took place, relative ease of access to sources of proof, plaintiff's choice of forum, pendency of related litigation in transferee forum, relative congestion of candidate courts, public interest in local adjudication of local controversies, and relative familiarity of candidate courts with applicable law. *Id.*; *see Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). The party moving for transfer has the burden of showing that transfer is appropriate. *Monje v. Spin Master Inc.*, No. CV-09-1713-GMS, 2013 WL 6498073, at *1 (D.Ariz. December 11, 2013) (citing *Jones*, 211 F.3d at 499).

None of these factors favors transfer. For example, Defendants argue that the District of Nevada is more convenient because that is where their witnesses and records are located. As Plaintiffs note, however, *their* records and witnesses are located in Arizona. Also, as discussed above, the events that are the basis of the lawsuit occurred in both Arizona and Nevada, and each state has an interest in local adjudication of local controversies.

Defendants stress the pendency of the "related" state court action arising from the fuel spill in Las Vegas.[2] The Nevada case involves an insurance claim. Plaintiffs attest

---

[2] Defendants "expect the Nevada case to be removed to the United States District Court for the District of Nevada" (Doc. 18 at 2), but the case remains pending in the Clark County District Court.

that Texmo's insurance carrier has accepted tender of the defense. (Doc. 19 at 4; Doc. 20, ¶ 9.) This is not a situation where "two cases involving precisely the same issues are simultaneously pending in different District Courts," which are the difficulties § 1404(a) was designed to prevent. *Cont'l Grain Co. v. The FBL–585,* 364 U.S. 19, 26 (1960).

A plaintiff's choice of forum is to be given "substantial deference" where the plaintiff has chosen his home forum. *Bratton v. Schering-Plough Corp.*, No. CV-07-653-PHX-JAT, 2007 WL 2023482, at *3–4  (D.Ariz. July 12, 2007). Defendants have not met their burden of showing that the interests of convenience and justice weigh in favor of transfer.

Accordingly,

**IT IS ORDERED** denying Defendants' motion to dismiss (Doc. 18).

Dated this 12th day of June, 2014.

Paul G. Rosenblatt
United States District Judge